UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN WILLIAM PALMER, SPN #01611679, | § § § § | |
| Plaintiff, VS. | § § | CIVIL ACTION NO. H-18-4761 |
| HOUSTON POLICE DEPT., *et al*, | § § § § | |
| Defendants. | | |

## ORDER OF ABATEMENT AND CLOSURE

Plaintiff, a state pretrial detainee proceeding *pro se*, has filed this section 1983 lawsuit against the Houston Police Department ("HPD"), an unknown HPD Officer, and an unknown Assistant District Attorney (collectively, "Defendants"). [Doc. No. 1]. Plaintiff alleges that Defendants violated his Fourth, Fifth, and Sixth Amendment rights, committed perjury or suborned perjury, engaged in torture under the color of law, and were complicit in a murder in connection with the retaliation charge pending against him. [*Id.* at 3]. Based on a careful review of the complaint pursuant to 28 U.S.C. § 1915A(a), the Court orders as follows.

I. **BACKGROUND**

Plaintiff is currently confined in the Harris County Jail awaiting trial on a criminal charge of retaliation.[1] Plaintiff alleges that HPD Officer J. P. Varella and other HPD officers suborned perjury from a federal case as he was trying to sue for the murder of his mother. [Doc. No. 1 at 4]. He alleges that they arrested him for "retaliation" against a judge who altered documents in support of the perjury. [*Id.*]. Plaintiff also claims that the Harris County District Attorney's

---

[1] *See* Harris County District Clerk Court website, *available* http://www.hcdistrictclerk.com/edocs/public/Search.aspx?Tab=tabCivil (last visited on December 20, 2018).

Office is using perjury for prosecution and to conceal exculpatory and tampered evidence in his case. [*Id.*]. Plaintiff seeks $500,000 damages and a personal recognizance bond. [*Id.* at 5].

## II. DISCUSSION

When a criminal defendant brings an action under 42 U.S.C. § 1983 against his arresting officers and the district attorneys handling his criminal case, the court must consider first whether a judgment in favor of the claimant would necessarily imply the invalidity of the underlying conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If so, the claim is barred unless the claimant proves that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make that determination, or called into question by a federal court's issuance of habeas corpus." *Id.* at 487.

Plaintiff's contentions that he was subjected to false arrest and imprisonment because of evidence concealment and perjury directly challenge the validity of his pending criminal charges and any ensuing conviction. Where, as here, a pending civil rights lawsuit may have future implications for a pending criminal prosecution, the proper procedure for the federal district court is to stay the section 1983 lawsuit until the criminal case is ended. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed absent some other bar to suit." *Id.* (citations omitted).

Accordingly, Plaintiff's lawsuit will be ordered stayed and abated pending disposition of Plaintiff's criminal charges forming the basis of his current pretrial detention in Harris County, Texas. Plaintiff may move to reinstate this lawsuit within thirty days after the entry of a final disposition of his pending charges, should he elect to continue prosecuting these claims. Plaintiff

will be required to pay the $400.00 filing fee or apply to proceed *in forma pauperis*, with proper documentary support, at that time.

## III. ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's claims regarding perjury and evidence concealment and tampering in connection with his arrest are **ABATED AND STAYED** pending resolution of the criminal charge pending against Plaintiff in Harris County, Texas, as of the date of this Order.

2. This case is **ADMINISTRATIVELY CLOSED** until further order of the Court.

3. Any and all pending motions are **DENIED AS MOOT.**

The Clerk will send a copy of this Order to all parties.

SIGNED at Houston, Texas, this 21st day of December, 2018.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE